FILED

2006 Sep-22  PM 01:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

| | | |
|---|---|---|
| **PEGGY S. KILGO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: CV-06-PT-1457-M** |
| | ) | |
| **FRED'S STORES OF** | ) | |
| **TENNESSEE, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION**

This cause comes on to be heard upon Plaintiff Peggy S. Kilgo's Motion to Remand to

the Circuit Court of Etowah County, Alabama, filed on August 15, 2006.

**FACTS[1] AND PROCEDURAL HISTORY**

On January 10, 2005, Plaintiff Peggy S. Kilgo ("Kilgo") was shopping in Defendant

Fred's Stores of Tennessee ("Fred's")[2] property located at 2000 Interstate Park Drive in

Montgomery, Alabama.  A metal divider fell, releasing rolls of flooring that fell on top of Kilgo.

Kilgo sustained injuries to the right side of her ear, shoulder, and hip, and causing pain in her

right leg and foot.  These injuries resulted in hospital and other medical bills, as well as the

necessity of continued physical therapy to avoid having to undergo corrective surgery.

Kilgo alleges that Fred's "negligently, willfully, wantonly or intentionally caused or

allowed a serious safety hazard to exist on the premises," resulting in Kilgo's injuries and

---

[1] These are the facts as presented by Plaintiff Peggy S. Kilgo.

[2] Kilgo listed ninety "fictitious plaintiffs" in her complaint, all of whom are either corporate officials affiliated with Fred's or employees of the individual store where the alleged injury took place.

ensuing damages.  She filed suit in the Etowah County, Alabama Circuit Court on July 5, 2006,

seeking relief in the form of "such sum of money as the jury may award."  Fred's timely

removed[3] the action to this court on July 28, 2006 pursuant to 28 U.S.C. §§ 1441, 1446.  Kilgo

moved to remand this cause to the Etowah County Circuit Court on August 15, 2006.

## MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction.  *See Russell Corp. v. American Home*

*Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).  Therefore, federal courts have power to

hear only those cases that they have been authorized to hear by the Constitution or by Congress.

*See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  The limited

nature of federal court jurisdiction has caused the Eleventh Circuit to favor remand of removed

cases where federal jurisdiction is not absolutely clear.  *Russell Corp.*, 264 F.3d at 1050.  The

removal statute is to be construed narrowly with doubt construed against removal.  *See Shamrock*

*Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941); *University of South Alabama v.*

*American Tobacco Co.,* 168 F.3d 405, 411 (11th Cir. 1999).

A case may be removed to federal court only if the case could have been brought

originally in federal court pursuant to the court's diversity or federal question jurisdiction.  *See*

28 U.S.C. § 1441(a).  The determination of whether federal jurisdiction exists must be made on

the face of the plaintiff's well-pleaded complaint.  *Pacheco De Perez v. AT & T Co.*, 139 F.3d

1368, 1373 (11th Cir. 1998).  An anticipated or even inevitable federal defense generally will not

support removal.  *Id.* at 1373 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-93 (1987)).

The burden of establishing federal jurisdiction is placed on the defendant, with all doubts

---

[3] In its answer to Kilgo's complaint that was filed in this court on July 31, 2006, Fred's asserts lack of personal and subject matter jurisdiction as affirmative defenses.

resolved in favor of remand, *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

A case properly removed on the grounds of diversity jurisdiction pursuant to 28 U.S.C. § 1332 is one in which the parties are be completely diverse from one another, and the amount in controversy is in excess of $75,000.  If the plaintiff requests a specific amount of damages in his or her complaint, then that valuation is entitled to deference, and the removing party must establish "to a legal certainty" that the claim exceeds the statutorily established amount in controversy requirement. *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 947 (11th Cir. 2000).  If the plaintiff does not seek a specific numeral amount, the removing party must establish by a preponderance of the evidence that the claim meets or exceeds the amount of $75,000, exclusive of interests and costs.  *Id.* at 947-48, *citing Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds by Office Depot v. Cohen*, 204 F.3d 1069 (11th Cir. 2000).  State law is relevant to determining the value of a plaintiff's claim in a motion to remand a removed case.  *Broughton v. Florida Intern. Underwriters, Inc.*, 139 F.3d 861, 863 (11th Cir. 1998).

## ARGUMENTS[4]

### I.   Fred's of Tennessee, Inc. Notice of Removal[5]

#### A.   <u>Fred's is a citizen of the State of Tennessee</u>

Fred's asserts that removal of this cause is proper because it meets the statutory

---

[4] This section summarizes the arguments made by the parties and does not necessarily reflect the conclusions reached by the court.

[5] On August 17, 2006, this court ordered Defendant to respond to Plaintiff's Motion to remand within ten working days, with any reply by Plaintiff due seven days thereafter.  Given the Defendant's failure to submit a response, the court herein outlines, and relies upon, the only pertinent filings put forth on this cause: Fred's arguments made in its Notice of Removal, and those arguments submitted by Kilgo in her Motion to Remand.

requirement that the cause could otherwise have been originally filed in this court.  *See* 28 U.S.C. § 1441(a).[6]  It argues that this court would have had original jurisdiction of this cause under 28 U.S.C. § 1332 because there is complete diversity between the parties, with Kilgo as a citizen of the State of Alabama and Fred's as a citizen of the State of Tennessee.  Fred's purported Tennessee citizenship is supported by assertions that it is both the state of incorporation and the state that is Fred's "principal place of business," the two criteria for determining corporate citizenship specified in § 1332.[7]

### B.   The amount in controversy in this case exceeds $75,000

Noting that Kilgo did not specify an amount of damages in her complaint, Fred's asserts that it need only show by a preponderance of the evidence that the amount in controversy satisfies the requirements of § 1332.  *See Lindsay v. American Gen'l Life & Accident Ins. Co.*, 133 F. Supp. 2d 1271, 1276 N.5 (N.D. Ala. 2001).  Fred's argues that the damages alleged in Kilgo's complaint meet the preponderance standard, and that it is entitled to remove the cause to this court.  The complaint, although silent as to damages in dollars and cents, includes claims for relief based on compensatory damages, and alleges wantonness, a potential hook for the award of punitive damages.

In support of these propositions, Fred's cites a litany of  "applicable Alabama law governing damages for mental anguish and physical pain and suffering," and punitive damages. On the basis of this authority, Fred's concludes that "if liability, injuries, and damages are proven

---

[6] "Except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, maybe removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

[7] Fred's does not append, or make reference to, evidence to establish the veracity of these assertions.

according to the law that controls the theories set forth in Plaintiff's complaint, the jury in this cause could reasonably return a verdict in excess of" the statutorily established $75,000. This being the case, Fred's "reasonably believes"[8] that Kilgo will seek a sum in excess of that amount.

The Notice of Removal includes two other paragraphs that purportedly support the argument that Kilgo's claim meets or exceeds $75,000. Fred's notes that a defendant "cannot be deprived of its right to remove this cause to the United States District Court by Plaintiff's failure to set out a specific monetary figure in her complaint," citing *Steel v. Underwriter's Adjusting Co., Inc.*, 649 F. Supp. 1414 (M.D. Ala. 1986) as authority. Fred's also cites *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) for the proposition that a case may be removed unless it "appears to a legal certainty that the claim is really for less than the jurisdictional amount."[9]

Fred's further requests that, should Kilgo dispute that the amount in controversy falls below $75,000, limited discovery be conducted to "determine the extent of [Kilgo's] claim to injuries, medical expenses incurred to date, future medical expenses, and other damages."

## II.    Kilgo's Motion to Remand

Kilgo argues that this court lacks 28 U.S.C. § 1332 diversity jurisdiction vis-a-vis the removal statutes because the amount in controversy is less than $75,000. To establish the value of her claim, she appends copies of correspondence between her counsel and Fred's insurance company that took place prior to Kilgo's filing suit. This correspondence shows that the highest

---

[8] Fred's offers no authority that justifies its invocation of a "reasonably believes" standard here.

[9] The Supreme Court here was referring to cases filed in federal court as an original matter, not to cases removed to federal court from state court. Although *St. Paul* does touch on issues of removal and remand, the proffered quote did not concern either topic.

written[10] settlement offer Kilgo made was $37,500,[11] while Fred's highest written offer was $10,000[12] - both numbers that fall far short of the $75,000 amount in controversy requirement codified in § 1332.

For this reason, Fred's asks that this court remand the cause to the Etowah County Circuit Court, and impose sanctions in Kilgo in the form of attorneys' fees, court costs, and other relief for her supposedly improper removal of this action.

## CONCLUSIONS OF THE COURT

This court cannot find from a preponderance of the evidence that the amount in controversy exceeds $75,000.  The action will be remanded to the Circuit Court of Etowah County, Alabama.

This 22nd day of September, 2006.

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[10] There is no indication that there were oral settlement offers made.  Kilgo, however, specifically notes that the settlement offers she relies upon to establish the value of her claim were in writing.  The proffered evidence is silent as to whether these written offers were all that were put forth by the parties.  Kilgo's Motion to Remand does, however, reference "extensive verbal and written settlement discussions" that took place between the parties.

[11] The correspondence also notes that Kilgo offered to settle for $35,000 at one point.

[12] Fred's, through its insurance adjustor, made the following settlement offers to Kilgo over a period of eight months from late 2005 to mid-2006: $8,309.88; $9,500; and $10,000.